IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
     v.     )     Civil Action No.  1:08mj457
     )
NICHOLAS CAMPBELL,     )
     )
     Defendant.     )
_____)

MEMORANDUM OPINION AND ORDER

Defendant operated a motor vehicle in a parking lot with one point of ingress and egress at Wolf Trap Farm Park.  The issue under advisement in this case, on defendant's motion for judgment of acquittal  under Fed. R. Crim. P. 29, is whether such a parking lot is a "highway" within the meaning of Va. Code § 46.2-100.  Resolution of that issue determines whether defendant has violated 36 C.F.R. § 4.2 adopting Va. Code § 46.2-301(B), by  operating a vehicle on a "highway" while his operator's license was suspended.

No material facts are in dispute.  They are adequately set out in the briefs and will not be repeated here.

The court finds that the parking lot in issue is not a "highway," and will therefore grant the motion and dismiss the case.

In the court's view, resolution of the present issue is not governed by any of the reported decisions discussed by the parties.  The Virginia state decisions preceding the 2006 amendment to § 46.2-100 remain irreconcilable.  Judge Brinkema's decision in *U.S. v. Daniels*, 431 F. Supp. 2d 634 (E.D. Va. 2007), dealt with a road that is clearly within the ambit of the term "way" as

used in the statutory definition; while the parking lot presently in issue must qualify, if at all,

under the "place" portion of the definition.[1]

It also appears to the court that as a result of Judge Hilton's statutory construction in *U.S.
v. Spencer*, 422 F. Supp. 2d 589 (E.D. Va. 2005), Judge Brinkema's opinion in *Daniels*, supra,
and Judge Kelley's decision  in *U.S. v. Faison,* no. 2:04 CR 182 (E.D. Va. 2006), part (ii) of the
definition, added in the 2006 amendment, now need be considered, if at all, only where public
use has been limited by sign or otherwise.  Compare *United States v. Smith*, 395 F.3d 516 (4th
Cir. 2005).  If the location in question on federal property is "a way or place open to the use of
the public for purposes of vehicular travel," then it is a "highway."

While the present parking lot is certainly a "place" open to public use,[2] the dispositive
question becomes whether it is used for "travel" within the meaning of the statute.

The American Heritage Dictionary, *supra,* defines the verb "travel" as "to go from one
place to another as on a trip; journey;" and the noun (as used in the statute) as "the act or process
of traveling."   The court finds that the word "travel" as used in the statute means more than mere
movement *per se*, as the government argues, but movement from a point of beginning through
the way or place to another point of destination.  Put differently, the court finds that an essential
characteristic of a "highway," even one as short as an alley, is that it provide for movement
between two places neither of which is part of the highway itself.  While a parking lot that had
more than one entry and egress point might meet that requirement, cf. *Furman v. Call*, 234 Va.
437, 363 S.E. 3d 709 (1987), the present lot clearly does not.  Movement within the confines of

---

[1]  Black's Law Dictionary (8th Ed. 2004) defines "way" as "a passage or path."  The American
Heritage Dictionary of the English Language (4th Ed. 2000) defines "way" as "a road, path, or highway
affording passage from one place to another."  The lot in issue clearly is not a "way."

[2]  The lot was open at the time in issue.  The existence of a gate, and the Park Superintendent's
ability to close the lot at other times, is rendered irrelevant by the district court decisions cited  *supra*.

this lot does not constitute "travel" to a destination, and the statute properly construed requires that in the court's view.

As demonstrated by defendant in his reply brief, the legislative history of the statute is consistent with this construction of the statute.  It clearly shows that the Virginia General Assembly intended to exclude parking lots such as the one presently in issue from the category of "place(s)" that are defined as highways.  As Judge Lee recognized in *Town of Vienna v. McIntyre*, 1993 WL 946385 (Ffx. Co. Cir. Ct. 1993), that is itself a ground for finding for defendant.[3]

For those reasons, the motion is granted, the case is dismissed, and it is so ORDERED.

ENTERED this 25th day of March, 2009.

/s/
_____
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia

---

[3]   The court also agrees, in this context, with the argument made in Footnote 4 of defendant's reply brief.